# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3378-23

IN THE MATTER OF L.K.[1]

_____

Submitted March 24, 2025 – Decided May 20, 2025

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FO-01-0175-24.

William E. Reynolds, Atlantic County Prosecutor, attorney for appellant State of New Jersey (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

The State of New Jersey appeals the trial court's denial of its motion for forfeiture of L.K.'s firearms pursuant to N.J.S.A. 2C:25-21(d)(3) and N.J.S.A. 58-3(c)(5). We reverse and remand for a new hearing before a different judge

---

[1] We use the parties' initials to protect the confidentiality of the parties in a domestic violence action. R. 1:38-3(d)(10).

because the trial court's decision applied an incorrect legal standard, relied upon a legally insufficient factor, and lacked credibility findings.

I.

L.K. was served with a temporary restraining order ("TRO") on June 1, 2022, premised upon an alleged pattern of domestic violence against his then-wife, S.K.[2]  The TRO alleged he had followed the victim around the house for a month, yelling at her, cursing, name-calling, and threatening to post sexual pictures on the Internet.  Upon being served, law enforcement seized L.K.'s firearms pursuant to N.J.S.A. 2C:25-21(d)(1)(b).  On October 19, 2023, the State moved for forfeiture of these seized firearms pursuant to N.J.S.A. 2C:25-21(d)(3), specifically alleging N.J.S.A. 2C:58-3(c)(5) prohibited the return of L.K.'s firearms because his possession would be antithetical to the public health, safety, or welfare.

A hearing was conducted over the course of two days, where the trial court heard testimony from S.K. and L.K.  Although S.K. and L.K. provided conflicting testimony regarding L.K.'s alleged alcohol use and whether L.K.'s possession of firearms would be against the public interest, the trial court did not make any credibility findings as to either witness's testimony.

---

[2]  This TRO and a cross-TRO filed by L.K. were later dismissed.

A-3378-23

Although no expert testimony was provided at trial, the record before the trial court contained L.K.'s Driving While Intoxicated conviction from 2016 and various medical reports from L.K.'s physicians commenting upon various psychological issues L.K. has suffered over the years. These reports were prepared in support of L.K.'s application to receive temporary, and eventually permanent, disability leave from his employment as a corrections officer. The reports indicate L.K. suffered from post-traumatic stress disorder, anxiety, depression, and visual and auditory hallucinations warranting a finding he was permanently disabled. L.K. was determined to be permanently disabled and has not worked as a corrections officer since 2022. No reports of L.K.'s medical condition addressed his subsequent mental state, although L.K. testified he currently takes medication for depression.

The trial court denied the State's forfeiture motion, finding there was no evidence L.K. had ever used firearms in a "dangerous way," which amounted to a "significant weakness in the State's case." The court found L.K. was permanently disabled and on disability since 2022, noting the years of treatment for a variety of mental conditions, but that those conditions "appear . . . [to be] tied to his work environment," without referring to any testimony or documentation in the record. This appeal followed.

3

Although "a judicial declaration that a defendant poses a threat to the public health, safety or welfare involves, by necessity, a fact-sensitive analysis," State v. Cordoma, 372 N.J. Super. 524, 533 (App. Div. 2004), and requires our review to be generally deferential, see In re M.U.'s Application for a Handgun Purchase Permit, 475 N.J. Super. 148, 199 (App. Div. 2023), we afford no deference to the trial court's decision if it is "unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." In re Forfeiture of Pers. Weapons and Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506 (App. Div. 2016) (quoting Rova Farms Resort v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). And we review a trial court's conclusions of law de novo. Ibid.

The trial court's decision is both contrary to the credible evidence in the record and is based on flawed legal analysis. The trial court, without providing statutory authority for support, stated the issue in this case is:

> whether or not the State has made a case that based upon [L.K.'s] psychological issues, the medication that he was on[,] and in this case continues to take[,] would fall within the prohibition or the preclusions under the statute for a person who has a chronic or longstanding or an impeding psychological issue or medical issue that would make him a danger to the community if he were to possess weapons.

This characterization of the issue is legally incorrect. The State's motion indicated it was seeking forfeiture pursuant to N.J.S.A. 2C:58-3(c)(5), which the Supreme Court held in F.M. requires the State "to show by a preponderance of the evidence that [the weapons' owner's] possession would not be in the interest of the public health, safety or welfare." 225 N.J. at 513 (internal quotation marks omitted); see also; N.J.S.A. 2C:58-3(c)(5). In so holding, the Supreme Court rejected a narrower interpretation of the legal standard for forfeiture pursuant to N.J.S.A. 2C:58-3(c)(5). See id. at 512-13.

Moreover, the trial court found a significant weakness in the State's case was that it lacked any indication L.K. had used his weapons "in a way that caused a threat of harm to his spouse, to his children, or anyone in the community" while he was suffering from psychological issues or being treated with medication for these issues. In F.M., the Supreme Court held this reasoning to be legally insufficient, commenting "[t]he statute as written does not require the court to wait for an individual to use a weapon inappropriately before ordering forfeiture" as "[s]uch a result would be contrary to the objective of the Domestic Violence Act to provide the maximum amount of protection to victims of domestic violence, and 'the statutory design . . . to prevent firearms from coming into the hands of persons likely to pose a danger to the public.'" Id. at 515

5

(omission in original) (quoting State v. Cunningham, 186 N.J. Super. 502, 511 (App. Div. 1982)).

For these reasons, we remand for a new hearing before a different trial judge. The trial court failed to make credibility findings as to S.K.'s testimony, which included testimony about L.K.'s allegedly concerning alcohol use. The trial court also ruled L.K.'s possession of firearms would not be against the public interest, safety, or welfare without current evidence—either documentary or testimonial, expert or lay opinion—as to whether L.K.'s psychiatric issues have persisted since he ceased working as a corrections officer despite being deemed permanently disabled due to post-traumatic stress disorder, anxiety, and a history of visual and auditory hallucinations. Because these genuine issues of material fact remain unaddressed, we are constrained to remand for a new hearing in accordance with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6

A-3378-23